UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLEMENTE TUITELE ATOFAU,<br><br>Defendant. | CASE NO. CR17-0153-JCC<br><br>ORDER |

This matter comes before the Court on this matter comes before the Court on Defendant's motion to seal (Dkt. No. 45). Defendant asks the Court to maintain under seal his reply brief to his motion to compel (Dkt. No. 29). Having thoroughly considered Defendant's motion and the relevant record, the Court hereby DENIES the motion (Dkt. No. 45.)

"[T]here is a strong presumption of public access to [the Court's] files." W.D. Wash. Local Civ. R. 5(g)(3); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, documents filed in support of a dispositive motion should remain under seal when a party can "articulate[] compelling reasons supported by specific factual findings" that outweigh the public's interest in access. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). This rule provides an exception to the "strong presumption in favor of [public] access" to judicial records. *Id.* (*citing Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2006).

1  Defendant has not made a particularized showing of a compelling reason to maintain its reply brief under seal. The defense merely states that "the sensitive and confidential nature of information" in the document could result in irreparable harm if made public. (Dkt. No. 45 at 1.) Much of the brief consists of legal argument and facts presented in prior briefing. To the extent that the Court can guess at the confidential information Defendant refers to, he provides no reason why this information cannot be redacted in a publicly filed copy of the brief. This approach would comply with this District's local rules, which allow for sealing of a reply brief only in rare circumstances. W.D. Wash. Local Civ. R. 5(g)(5) (incorporated into the District's Local Criminal Rules). Where a party cannot avoid including confidential information in a reply brief, Local Rule 5(g)(5) requires the party to publicly file a redacted brief alongside its unreacted brief and motion to seal.

For these reasons, the Defendant's motion (Dkt. No. 45) is DENIED. However, Defendant's reply (Dkt. No. 44) will remain under seal until Defendant refiles his brief and motion in compliance with Local Civil Rule 5(g)(5). Defendant is ORDERED to make such a filing with the Court within **five (5) days** of the issuance of this order.

DATED this 9th day of May 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR17-0153-JCC
PAGE - 2