THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

CLEMENT TUITELE ATOFAU,

Defendant.

CASE NO. CR17-0153-JCC

ORDER

This matter comes before the Court on Defendant's pretrial motions (Dkt. No. 33) and motion to compel (Dkt. No. 29). Having thoroughly considered the parties' briefing and the relevant record, as well as testimony and argument an evidentiary hearing held on May 10, 2018, the Court hereby DENIES Defendant's pretrial motions for the reasons explained herein. The Court addresses the motion to compel (Dkt. No. 29) below.

## I. BACKGROUND

Defendant is charged by indictment with possession of cocaine and heroin with intent to distribute, possessing a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm. (Dkt. No. 13.) Defendant moves to suppress statements made to detectives after his arrest. (Dkt. No. 33 at 6.) Incident reports from his arrest describe three rounds of questioning: (1) by Detective Todd Smith at the scene of arrest after SWAT took him into custody; (2) by Detective Reed Jones at the scene of arrest, subsequent to questioning by Smith; and (3) a

recorded interview with Detective Jones after Defendant was transported back to his residence. (*Id*. at 4.) Defendant argues that he was not properly advised of his rights prior to the first round of interrogation and that his statements were not voluntarily given. (*Id*. at 6, 8.)

Defendant also moves for a separate trial on his charges for felon in possession of a firearm, or for bifurcation on this count. (Dkt. No. 33 at 10.) This motion is addressed below.

**II.    DISCUSSION**

      **A.    Motion to Suppress**

           1.    <u>Miranda</u>

Defendant argues his statements should be suppressed because he was not properly *Mirandized*. (Dkt. No. 33 at 6.) The Fifth Amendment privilege against compelled self-incrimination requires that law enforcement give *Miranda* warnings to an accused person prior to custodial interrogation.[1] *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Statements made in a custodial interrogation absent proper *Miranda* warnings and a valid waiver must be suppressed. *Id*. The Government bears the burden of establishing by a preponderance of the evidence that it complied with *Miranda* requirements. *Id*. at 475. A warning is sufficient if, in its totality, it adequately informs the person of his rights and the Government's obligations. *United States v. Pereda-Rebollo*, 357 F. App'x 31, 33 (9th Cir. 2009).

The Court finds that *Miranda* warnings were properly administered and Defendant validly waived his rights. Detective Smith stated in his incident report and interview with the Government that he read Defendant his rights from a King County Sheriff's Office ("KCSO") *Miranda* card before beginning questioning at the scene of arrest. (Dkt. Nos. 33-3, 33-4.) Detective Smith testified to this fact at the hearing, and the Court finds his testimony credible. Evidentiary Hearing, May 10, 2018. The KCSO card included an explanation and waiver of rights that complied with *Miranda* requirements, including a request for verbal affirmation of

---

[1] The parties do not dispute that a custodial interrogation of Defendant took place. (Dkt. No. 42 at 5.)

understanding and assent. (Dkt. No. 33-7); *Miranda*, 384 U.S. at 444. Detective Smith testified that he received such verbal assent from Defendant after reading him his rights. Evidentiary Hearing, May 10, 2018.

Defendant argues that if given, any warning was deficient because it did not advise Defendant of the "right to stop answering questions at any time." (*See* Dkt. No. 33 at 7) (citing *Duckworth v. Eagen*, 492 U.S. 195, 203 (1989)). *Miranda* does not require a "talismanic incantation," rather, law enforcement "must reasonably convey a suspect his rights." *Duckworth*, 492 U.S. at 195, 203. The KCSO card contained a similar warning to the advisement Defendant claims was lacking—instructing an arrestee of the right to remain silent and that he may exercise that right at any time. (Dkt. No. 33-7.) This warning was sufficient under *Miranda*. Nor is the adequacy of the warning compromised by the absence of a written waiver. It is well-established that a waiver may be verbal or implied. *United States v. Cazares*, 121 F.3d 1241, 1244 (9th Cir. 1997).

Having found that Detective Smith properly *Mirandized* Defendant before the initial interview, the Court also concludes that no new *Miranda* warning was required before Detective Jones first questioned Defendant. This questioning took place at the same location and well under an hour after Defendant received *Miranda* warnings from Detective Smith. Evidentiary Hearing, May 10, 2018 (Defendant was transported back to his house less than an hour after arrest); s*ee U.S. v Baron*, 94 F.3d 1312, 1320 (9th Cir. 1996) (overruled on other grounds by *U.S. v. Heredia*, 483 F.3d 913 (9th Cir. 2007)) (no new warning required with change in investigating officer); *Wyrick v. Fields*, 459 U.S. 42, 45–46 (1982) (two hours between sessions did not necessitate new warning).

Finally, Detective Jones properly re-*Mirandized* Defendant after he was transported to his home. Before taking a recorded statement, Jones obtained Defendant's consent, repeated the prior warnings, and asked Defendant if he understood his rights. (Dkt. No. 33-5 at 6); Evidentiary Hearing, May 10, 2018. Defendant answered in the affirmative. *Id*.

2. <u>Voluntariness</u>

Defendant argues his statements to law enforcement must be suppressed as involuntary. (Dkt. No. 33 at 9.) The Government bears the burden of proving by a preponderance of the evidence that a confession was voluntary. *United States v. Tingle*, 658 F.2d 1332, 1335 (9th Cir. 1981). The voluntariness of a confession turns on the totality of the circumstances, including background, experience, and conduct of the accused and the details of the interrogation. *North Carolina v. Butler*, 441 U.S. 369, 374–75 (1979); *United States v. Preston*, 751 F.3d 1008, 1016 (9th Cir. 2014). Also relevant are the defendant's English language abilities, age, mental capacity, whether he appeared to understand his rights, whether he was repeatedly warned of his rights, and his prior experience with the criminal justice system. *United States v. Bernard S.*, 795 F.2d 749, 751 (9th Cir. 1986).

The Court finds that under the totality of the circumstances, Defendant's statements were voluntarily made. The following facts support this conclusion:

- *Miranda* warnings were provided in English, Defendant's first language.
- Warnings were provided twice, and the recorded warnings indicate that Defendant understood his rights and voluntarily gave his statement. (*See* Dkt. No. 33-5 at 6.)
- Defendant has significant experience with the criminal justice system (seven prior felony convictions). (Dkt. No. 33-1 at 5.)
- Defendant first gave incriminating statements when he was not at his home near his family.
- Defendant's cognitive and emotional deficiencies are not so severe that he could not understand his rights and the import of his waiver. Testimony from Detectives Smith and Jones, who questioned Defendant, and from Department of Corrections Community Corrections Officer Magdalena Escobar, who supervised Defendant for approximately nine months, support this finding. Evidentiary Hearing, May 10, 2018.

In light of these facts, the presence of law enforcement and SWAT team members, who

were leaving the scene when Detectives first questioned Defendant, was not so coercive as to render Defendant's confession involuntary.

The Court concludes that Defendants Smith and Jones and Office Escobar were credible witnesses. Under the totality of the circumstances, the Court finds that Defendant was properly advised of his rights and validly and voluntarily waived those rights before giving statements to law enforcement.

### B. Severing or Bifurcation

Atofau asks the Court to sever or to bifurcate his felon in possession charges. (Dkt. No. 33 at 10.) Federal Rule of Criminal Procedure 14(a) provides that the Court may order separate trials if joinder of offenses appears to prejudice a party. Fed. R. Crim. P. 14(a).

The Court finds that Defendant will not be significantly prejudiced by joinder of these charges. *See United States v. Vaccaro*, 816 F.3d 119, 1241 (9th Cir. 1987) (to obtain severance a defendant must show more than simple prejudice). First, Defendant does not make a specific showing of undue prejudice. (*See* Dkt. No. 33 at 10.) Second, some of Defendant's prior felony convictions are likely to be admitted at trial to show knowledge of how to deal drugs, plan, intent, or lack of mistake. *See* Fed. R. Evid. 404(b); *U.S. v. Nguyen*, 88 F.3d 812, 815 (9th Cir. 1996) (heightened risk of undue prejudice when jury would not otherwise hear evidence of prior crimes). Third, Defendant's charge for felon in possession of a firearm arises out of the same occurrence as his charges for possession of cocaine and heroin with intent to distribute and possession of a firearm in furtherance of a drug crime. *See Nguyen*, 88 F.3d at 815 (citing *United States v. Portac*, *Inc.,* 869 F.2d 1288, 1294 (9th Cir. 1989) (joinder is proper when the same facts are offered to prove joined offenses)).

Furthermore, the Court can take steps to minimize the chance of prejudice. *See Nguyen*, 88 F.3d at 815. It appears Defendant has indicated his intent to stipulate to a prior felony, which would preclude the jury from hearing about the prior bad act. (Dkt. No. 42 at 10); *see Nguyen*, 88 F.3d at 815. The Court can also provide limiting instructions to the jury to mitigate potential

prejudice. Therefore, the Court will not sever the felon in possession count or bifurcate Defendant's trial.

### C. Defendant's Motion to Compel

Defendant has moved for an order compelling the Government to turn over a photograph of the confidential informant ("CI") used in this case (Dkt. No. 29). If Defendant confirms that the CI was the individual who allegedly supplied him the guns with which he is charged, he will seek discovery in pursuance of a potential entrapment defense. (*Id*. at 7.) By order of the Court, Defendant has produced an *ex parte* sealed proffer addressing its investigation into the identity of the CI and facts supporting a potential entrapment defense. (Dkt. No. 43.) The Government also filed an *ex parte* sealed supplement regarding the CI. (Dkt. No. 40.)

After considering these materials, the Court finds Defendant has made a "minimal threshold showing" that the CI's identity and/or testimony would be relevant to a potential defense. *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993). Thus, an *in camera* hearing is appropriate. *Id*.; *U.S. v. Ordonez*, 737 F.2d 793, 809 (1983) ("interrogation of the informer by the court is an appropriate means of accommodating the due process interests of the defendant and the government's concern for the safety of the informer"). As discussed at the May 10, 2018 hearing, Defendant will submit questions for the Court to ask the CI in an *in camera* interview.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to suppress and to sever or bifurcate his trial (Dkt. No. 33) is DENIED. Defendant is ORDERED to submit questions to be put to the CI no later than **Wednesday, May 16, 2018**.

DATED this 11th day of May 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE