THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR17-0153-JCC |
| Plaintiff, | ORDER |
| v. | |
| CLEMENTE TUITELE ATOFAU, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to compel discovery (Dkt. No. 29). Having thoroughly considered the parties' briefing, *ex parte* filings, and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

Defendant is charged with possession of cocaine and heroin with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm. (Dkt. No. 13.) Defendant asked the Court to compel the Government to produce a photograph of the confidential informant ("CI") used in the investigation leading to his arrest. (Dkt. No. 29 at 1.) Defendant seeks this information because he believes the CI supplied the guns with which he is charged. (*Id*.) Defendant argues that the information will be helpful in determining whether he can present an entrapment defense. (*Id*. at 3–4.) The Government opposes disclosure. (Dkt. No. 39.)

On the Court's instruction, Defendant supplemented his motion with an *ex parte* sealed proffer addressing the defense's investigation into the identity of the informant and facts supporting a potential entrapment defense (Dkt. No. 43). The Government also filed an *ex parte* sealed supplement regarding the informant (Dkt. No. 40). Finding Defendant had met a "minimal threshold showing" of relevance, the Court held an *in camera* hearing with the Government to discuss disclosure (Dkt. No. 67) and subsequently ordered Defendant to submit questions it would like to pose to the CI for the Court's consideration (Dkt. Nos. 57, 64). *See United States v. Spires*, 3 F. 3d 1234, 1239 (9th Cir. 1993). Defendant objected to an *in camera* interview of the CI, arguing this approach would not sufficiently resolve its motion to compel. (Dkt. No. 65 at 1.) The Court relies on information gleaned from these efforts in deciding the present motion.

## II. DISCUSSION

Federal Rule of Criminal Procedure 16(e) provides criminal defendants a "broad right to discovery" of documents that are "material to preparing the defense." *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010). Materiality is met when a defendant puts forward specific facts showing the information is helpful in preparing a defense. *United States v. Santiago*, 46 F.3d 885, 893 (9th Cir. 1995). However, the defendant requests information regarding a CI, the right to disclosure is restricted by the Government's privilege to withhold the CI's identity. *Rovario v. United States*, 353 U.S. 52, 59 (1957). This privilege gives way only where disclosure of the CI's identity or communication is "relevant and helpful" to the defense. *Id.* at 60–61.

To determine whether to require disclosure of a CI's identity under this standard, courts must "balanc[e] the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62. The following factors are relevant: (1) the crime charged; (2) the possible defenses; (3) the possible significance of the informer's testimony; and (4) other relevant factors, including an informant's safety and the Government's need for continued use of the informant and use of informants generally. *Id.* at 62; *United States v. Sai Keung Wong*, 886 F.2d 252, 256 (9th Cir. 1989). The defendant bears the burden of establishing a need for the

disclosure. *Wong*, 886 F.2d at 256.

Weighing these factors, the Court finds that the informant's privilege outweighs any need for disclosure. Defendant argues that disclosure of the informant's identity and testimony are relevant and helpful to his proposed entrapment defense to his gun charges. (Dkt. No. 29 at 6.) Defendant has not indicated that the information would be helpful to his defense against the additional charge for possession of cocaine and heroin with intent to distribute. Even assuming Defendant were correct about the CI's identity, the CI's testimony would not advance the proposed defense. The Court has learned that the CI no longer resides in the U.S. and would be unavailable as a witness. (*See* Dkt. No. 67 at 7.) The CI has also denied providing firearms to Defendant. The Court concludes that neither Defendant's proposed questions for an *in camera* interview nor disclosure of the CI's identity would help Defendant establish entrapment.

Although the Government's continued use of the CI is not a concern here, given that the CI no longer resides in the area, the Court gives weight to the safety concerns that accompany the requested disclosure. The CI expressed such concerns regarding Defendant at the time of the investigation and has since expressed concerns about the safety of his family, who remain in the Seattle area and could become victims of retaliation if his identity is revealed. The Court takes these concerns seriously, as well as the Government's broader interest in encouraging citizens to provide information regarding crimes. *See Rovario*, 353 U.S. at 59–61. Balancing these considerations with the minimal assistance the information would provide Defendant, the Court finds disclosure inappropriate. *See Spires*, 3 F.3d at 1238 (courts must balance the extent to which disclosure would be relevant and helpful with the government's interest in protecting the CI's identity).

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to compel discovery (Dkt. No. 29) is DENIED.

//

1    DATED this 22nd day of May 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE