THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>CLEMENT TUITELE ATOFAU,<br><br>            Defendant. | CASE NO. CR17-0153-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for early termination of supervised release. (Dkt. No. 111.) Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

In 2018, Defendant pleaded guilty to Possession of Cocaine and Heroin with Intent to Distribute, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Felon in Possession of a Firearm. (Dkt. No. 13, 89, 92.) This Court sentenced Defendant to a period of incarceration, followed by five years of supervised release. (Dkt. No. 109.) Supervision commenced in November 2021 and is otherwise scheduled to end November 18, 2026. (Dkt. No. 112.) Defendant now moves for early termination. (Dkt. No. 111 at 3–4.) In support, he cites his success on supervision. (*Id.* at 3–4.)

The Court may terminate a term of supervised release after the completion of one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the

interest of justice." 18 U.S.C. § 3583(e)(1). In deciding whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct and protect the public from further crimes, to provide the defendant with correctional treatment in the most effective manner, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)); *see United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014). Early termination is not reserved for the most exceptional circumstances; the Court has wide latitude to terminate if a defendant's conduct warrants doing so, if in the interests of justice. *See United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).

Based on the factors described above, the Court finds that early termination is warranted here. Defendant's behavior while on supervised release is, frankly, remarkable. (*See generally* Dkt. Nos. 111, 112.) He secured employment within a week of release from custody, later earned his commercial driver's license, and has since worked for King County Metro as an equipment operator. (Dkt. Nos. 111 at 4, 112 at 1.) He supports his family and attends church and bible study weekly. (Dkt. No. 111 at 4.) In addition, he works with outreach organizations to collect and distribute food and clothes to the needy. (*Id.*) Defendant has committed zero violations and has substantially satisfied his conditions of release, including compliance with employment restrictions, completing a drug treatment program, a required mental health assessment,[1] and submitting to weekly drug testing and random home visits. (*Id.* at 3–4.) In the Court's view, the nature and circumstances of the underlying offense do not outweigh, let alone neutralize, all remaining factors, which weigh in favor of early termination. Therefore, the Court FINDS that, in the interests of justice, Defendant's conduct and the particularized circumstances warrant early termination.

For the foregoing reasons, Defendant's motion for early termination of supervised release

---

[1] Defendant's mental health counselor released Defendant after three sessions on the grounds that he did not require mental health counseling (Dkt. No. 111 at 4).

(Dkt. No. 111) is GRANTED.

DATED this 20th day of June 2023.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR17-0153-JCC
PAGE - 3